UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-cv-00464 |
| ) | |
| $42,800.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act.

**PARTIES, JURISDICTION AND VENUE**

2. The Defendant is Forty-Two Thousand Eight Hundred Dollars and No Cents ($42,800.00) in United States Currency ("the Defendant Property"). The Defendant Property was taken into custody of the United States Drug Enforcement Administration ("DEA"). The Defendant Property when originally seized comprised $43,860.00 and was assigned Asset Identification Number 19-DEA-651061. However, as the DEA will return $1,060.00 to a claimant, the United States is only seeking judicial forfeiture of $42,800.00.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

5. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## FACTS

6. On March 14, 2019, a Sheriff's Deputy in Putnam County, Indiana (the "Deputy") initiated a traffic stop of a white GMC Acadia because the vehicle changed lanes without advance signaling and made the lane change in close proximity to another vehicle. The vehicle had a New York registration and was driving westbound on Interstate 70. It was driven by David R. Moore, but Moore produced only an Indiana ID card because his driver's license was suspended.

7. The two other adults in the vehicle were front-seat passenger Raymond Lewis, Jr., and back-seat passenger Kandus Mayse Williams. A rental agreement showed that the vehicle was rented to Raymond Lewis, Jr. The Deputy, while standing at the front passenger window, observed a large bundle of United States Currency on the front passenger seat, between the center console and Raymond Lewis, Jr.'s leg. Raymond Lewis, Jr. stated that the money was intended to help his cousin in Arkansas because her husband had just died.

8. The Deputy had Moore accompany him to the patrol vehicle and issued Moore a

summons for driving while suspended. Moore stated that he and the other adults were traveling to Little Rock, Arkansas for the funeral that was earlier mentioned. When asked why Raymond Lewis, Jr. was traveling with the large amount of currency in the vehicle, Moore stated that it was to help the family with the funeral. Moore's demeanor seemed overly nervous, and the Deputy requested that a second officer assist with the traffic investigation. A records check showed that Raymond Lewis, Jr.'s Indiana driver's license was suspended.

9. The Deputy returned to the GMC Acadia and noticed that the bundle of currency that had been on the front passenger seat next to Raymond Lewis, Jr. was no longer in view. The Deputy asked Raymond Lewis, Jr. to step to the rear of the vehicle. The Deputy asked Raymond Lewis, Jr. how much cash he was traveling with, to which he replied that it was three thousand dollars. Raymond Lewis, Jr. also stated that his girlfriend, Williams, had about one thousand two hundred dollars. Raymond Lewis, Jr. then told the Deputy that he had the currency in his possession because he sold cars for a living. The Deputy asked Raymond Lewis, Jr. for consent to search the rented vehicle, and he consented.

10. The Deputy conducted an exterior dog sniff of the GMC Acadia using narcotics detection canine "Bo." The canine positively alerted to the passenger side of the vehicle. The Deputy and a second officer searched the vehicle's interior and found a cloth bag that contained several bundles of U.S. Currency. In addition, inside the console, the officers recovered the larger bundle of currency that had been in Raymond Lewis, Jr.'s possession in the front seat. The officers also searched Williams's purse and found an additional bundle of U.S. Currency inside it.

11. A property receipt for the seized currency was issued to Raymond Lewis, Jr. as the renter of the vehicle, and the vehicle was released to Williams as the licensed driver. The

seized currency was transported to the Putnam County Sheriff's Office.  There, another dog sniff was conducted, and the narcotics detection canine alerted to the location in the office where the seized currency had been placed.

12.     The DEA conducted an official bank count of the seized currency.  After four counterfeit fifty-dollar bills were removed, the seized currency was determined to be $43,860.00.  That amount was comprised of $39,800.00 from the cloth bag; $3,000.00 in the bundle from the console; and $1,060.00 from Williams's purse.



13.     Further investigation showed that Raymond Lewis, Jr. has a criminal history related to violations involving controlled substances.  In January 2012, Raymond Lewis, Jr. was convicted of possession of marijuana; the conviction was entered as a Class D felony but was eligible for modification to a Class A misdemeanor upon successful completion of probation.  (*State of Indiana v. Raymond L. Lewis*, Case No. 33C03-1101-FD-000011 (Henry County Circuit Court)).  In May 2012, Raymond Lewis, Jr. was convicted of driving while suspended, a Class A

misdemeanor. (*State of Indiana v. Raymond Lewis, Jr.*, Case No. 81C01-1201-CM-000004 (Union County Circuit Court)). In September 2013, Raymond Lewis, Jr. was convicted of dealing in cocaine, a Class B felony, and was sentenced to six years in the Indiana Department of Correction followed by four years of probation. (*State of Indiana v. Raymond L. Lewis, Jr.*, Case No. 89D01-1202-FA-000010 (Wayne County Superior Court)).

14. Indiana Department of Workforce Development records showed a lack of employment history for Raymond Lewis, Jr. Wage data from the first quarter of 2015 through the first quarter of 2019 showed no reported wages for Raymond Lewis, Jr. in Indiana or other states.

15. On March 19, 2019, a Putnam County Superior Court Judge issued a turnover order transferring the seized currency to the DEA.

16. The DEA initiated proceedings to administratively forfeit the seized currency under the Controlled Substances Act. On May 4, 2019, Raymond Lewis, Jr. filed with the DEA a claim for $3,000.00 of the $43,860.00. After review, the DEA referred Raymond Lewis, Jr.'s claim to the United States Attorney's Office for judicial forfeiture proceedings.

17. On May 23, 2019, Raymond Lewis, Sr. filed with the DEA a claim for $42,000.00 of the $43,860.00. Upon information and belief, Raymond Lewis, Sr. is the father of Raymond Lewis, Jr., and both men are Richmond, Indiana residents. After review, the DEA referred Raymond Lewis, Sr.'s claim to the United States Attorney's Office for judicial forfeiture proceedings.

18. On May 29, 2019, Williams filed with the DEA a claim for $1,060.00 of the $43,860.00. After review by the United States Attorney's Office, the United States is not seeking forfeiture of the $1,060.00, and the DEA will return the $1,060.00 to Williams.

19. The deadline for the United States to complete its investigation and file this Complaint was extended by this Court to October 1, 2019. (Dkt. #5, *In re $43,860.00*, No. 2:19-mc-00005).

## PERTINENT STATUTES

20. Under 21 U.S.C. § 841(a)(1)-(2), it is unlawful for any person to manufacture, distribute, or dispense—or possess with intent to manufacture, distribute, or dispense—a controlled substance.

21. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

## CLAIM FOR RELIEF

22. Based on the facts alleged above, the $42,800.00 is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys … used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be

entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

                Respectfully submitted,

                JOSH J. MINKLER
                United States Attorney

By:   *s/Eric P. Babbs*
       Eric P. Babbs
       Special Assistant United States Attorney
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333
       Fax: (317) 226-5027

## VERIFICATION

I, Kevin Ruffner, hereby verify and declare under penalty of perjury that I am a Special Agent for the Drug Enforcement Administration ("DEA"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with DEA.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/23/19

Kevin Ruffner
Special Agent, DEA

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-cv-00464 |
| ) | |
| $42,800.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 24th day of September, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against forty-two thousand eight hundred dollars in United States Currency ("$42,800.00"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

 

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.